UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CHRISTOPHER JOZEFYK,

        Plaintiff,

   v.

                                       Case No. 19-cv-1606-pp

ANDREW M. SAUL,

        Defendant.

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE (DKT. NO. 2)**

       The plaintiff has filed a complaint seeking judicial review of a final administrative decision denying his claim for disability insurance benefits under the Social Security Act. Dkt. No. 1. He also filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

       To allow the plaintiff to proceed without paying the filing fee, the court first must decide whether the plaintiff can pay the fee; if not, it must determine whether the lawsuit is frivolous. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i).

       Based on the facts in the plaintiff's affidavit, the court concludes that he does not have the ability to pay the filing fee. The plaintiff's affidavit indicates that he is not employed, he is not married, and he has no dependents he is responsible for supporting. Dkt. No. 2 at 1. The plaintiff's stated sources of income are State of Wisconsin food stamps of approximately $193 per month and Wisconsin Medicaid/travel reimbursement of approximately $18 per

1

month. Id. at 2-3. The plaintiff lists no monthly expenses, he does not own a car or a home, he owns no other property of value, and he has no cash on hand or in a checking or savings account. Id. at 3-4. The plaintiff states "I live with my mom and her husband. I have a Lifeline cellphone, state insurance and receive food stamps. Any essentials I can't buy with food stamps my mom purchases for me. I use their car to get to appointments and shop for groceries." Id. at 4. The plaintiff has demonstrated that he cannot pay the $350 filing fee and $50 administrative fee.

The next step is to determine whether the case is frivolous. A case is frivolous if there is no arguable basis for relief either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992) (quoting Nietzke v. Williams, 490 U.S. 319, 325 (1989); Casteel v. Pieschek, 3 F.3d 1050, 1056 (7th Cir. 1993)). A person may obtain district court review of a final decision of the Commissioner of Social Security. 42 U.S.C. §405(g). The district court must uphold the Commissioner's final decision as long as the Commissioner used the correct legal standards and the decision is supported by substantial evidence. See Roddy v. Astrue, 705 F.3d 631, 636 (7th Cir. 2013).

The plaintiff's complaint states that he is appealing a decision by an Administrative Law Judge to deny him Social Security benefits and a decision by the Social Security Administration's Appeals Council not to review the ALJ's decision. Dkt. No. 1 at 2-3. As grounds for his appeal, the plaintiff states that the ALJ erred by rendering a decision that was not supported by substantial evidence and contained errors of law, the plaintiff also alleges that the Appeals

2

Council erred by declining review of that adverse decision. Id. at 3. At this early stage in the case, and based on the information in the plaintiff's complaint, the court concludes that there may be a basis in law or in fact for the plaintiff's appeal of the Commissioner's decision, and that the appeal may have merit, as defined by 28 U.S.C. §1915(e)(2)(B)(i).

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

Dated in Milwaukee, Wisconsin this 4th day of November, 2019.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER
Chief United States District Judge**